IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TYRONE ADAM WILLIAMSON,

          Plaintiff,

v.

STATE OF OREGON and MULTNOMAH
COUNTY SHERIFF'S OFFICE,

          Defendants.

3:14-cv-00591-PK

FINDINGS AND
RECOMMENDATION

PAPAK, Magistrate Judge:

    Plaintiff Tyrone Adam Williamson filed this *pro se* action *in forma pauperis* against defendants State of Oregon and Multnomah County Sheriff's Office on April 9, 2014. In his complaint, Williamson challenges a 1994 restraining order filed in the Circuit Court for the County of Multnomah. Williamson appears to allege that, due to a clerical error made by the State of Oregon and Multnomah County, he was wrongly convicted of violating the restraining

Page 1 - FINDINGS AND RECOMMENDATION

order and lost his home as a result. Although not entirely clear from the complaint, it appears that Williamson is seeking money damages and, possibly, an order overturning his state-court conviction.

On April 22, 2014, the court entered an order to show cause (#8), finding Williamson's allegations insufficient on their face to invoke federal jurisdiction and ordering Williamson to show cause as to why the case should not be dismissed. On May 8, 2014, Williamson filed a response to the order to show cause (#11). In his response, Williamson contends that federal-question jurisdiction exists because he was denied his right to bear arms as a result of his wrongful conviction, he was denied his right to free speech, and he was denied his rights under the Fifth, Thirteenth, and Fourteenth Amendments. Attached as Exhibit 1 to Williamson's response is a "Fitness to Proceed Evaluation" dated April 24, 2014, which appears to have been prepared pursuant to a state-court order entered in a criminal case currently pending against Williamson. In the evaluation, the examiner concludes that Williamson is not fit to proceed in the state-court criminal case. On May 21, 2014, Williamson filed an additional response to the order to show cause (#13), arguing that the court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, and 1367. After reviewing Williamson's responses to the order to show cause, I find that, for the reasons set forth below, this case should be dismissed with prejudice for lack of subject-matter jurisdiction and failure to state a claim upon which relief may be granted.

Federal Rule of Civil Procedure 12(h)(3) provides that, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Watkins v. Vital Pharm., Inc.*, 720 F.3d 1179, 1181 (9th Cir. 2013) ("[I]t is well established that district courts may address questions of subject matter jurisdiction sua

sponte."). Moreover, in connection with *in forma pauperis* actions such as this, the district courts are obliged to dismiss sua sponte actions failing to state a claim upon which relief can be granted: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2).

In this case, I find that the court lacks subject-matter jurisdiction over Williamson's claims. Under the *Rooker-Feldman* doctrine, "federal district courts are without jurisdiction to hear appeals from the judgments of state courts." *Cooper v. Ramos*, 704 F.3d 772, 777 (9th Cir. 2012); *see also D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). "The doctrine bars a district court from exercising jurisdiction not only over an action explicitly styled as a direct appeal, but also over the 'de facto equivalent' of such an appeal." *Cooper*, 704 F.3d at 777 (quoting *Noel v. Hall*, 341 F.3d 1148, 1155 (9th Cir. 2003)). Here, although not entirely clear, Williamson's complaint and his responses to the order to show cause suggest that he seeks to directly challenge his state-court conviction. Williamson insists that he was erroneously convicted of violating the 1994 restraining order and appears to request that this court overturn his conviction, thereby allowing him, for instance, to possess firearms. *See* May 8, 2014 Response to Order to Show Cause, #11, at 1 (arguing that he has been deprived of his right to bear firearms as a result of his "wrongful conviction"). Accordingly, to the extent that Williamson is seeking to appeal his state-court conviction, this court lacks subject-matter jurisdiction.

Even if this court could exercise subject-matter jurisdiction, Williamson's claims are barred under the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*,

Page 3 - FINDINGS AND RECOMMENDATION

the Supreme Court held:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Id.* at 487 (footnote omitted). Here, although, again, it is not entirely clear what Williamson is alleging, it appears that all of Williamson's claims would require a finding that his state-court conviction was erroneous. Because Williamson does not allege that his state-court conviction has already been invalidated, I find that Williamson's claims should be dismissed on the alternate ground that they are barred under *Heck*.

Finally, I note that, even if the *Rooker-Feldman* and *Heck* doctrines did not apply, Williamson's claims would be subject to dismissal on the basis that they are time-barred. Actions under 42 U.S.C. § 1983 are subject to a two-year statute of limitations. *See Bonneau v. Centennial Sch. Dist. No. 28J*, 666 F.3d 577, 580 (9th Cir. 2012) (applying Oregon's "residual two-year statute of limitations for personal injury actions" to a § 1983 action); *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009) (noting that state law governs the statute of limitations for 42 U.S.C. § 1983 suits and such suits "are characterized as personal injury suits for statute of limitations purposes"). In this case, all of Williamson's allegations relate to events occurring in 1994. Williamson did not file the instant complaint until April 9, 2014—approximately ten years after he suffered the alleged injury and well beyond the applicable statute of limitations.

Page 4 - FINDINGS AND RECOMMENDATION

Thus, based on the foregoing, I recommend that the district court dismiss Williamson's complaint with prejudice and without leave to amend. I note that, in light of the exhibit that Williamson attached to his May 8, 2014 response to the court's order to show cause, I have concerns regarding his competency. Nevertheless, I have given Williamson a chance to cure the deficiencies in his complaint, and, even construing the complaint and his responses to the order to show cause in the light most favorable to him, I am unable to conclude that the court has subject-matter jurisdiction or that Williamson has stated valid claims to relief.

## CONCLUSION

For the reasons set forth above, Williamson's complaint (#2) should be dismissed with prejudice in its entirety and a final judgment should be prepared.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

## NOTICE

A party's failure to timely file objections to any of these findings will be considered a waiver of that party's right to *de novo* consideration of the factual issues addressed herein and will constitute a waiver of the party's right to review of the findings of fact in any order or judgment entered by a district judge. These Findings and Recommendation are not immediately

Page 5 - FINDINGS AND RECOMMENDATION

appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment.

Dated this 29th day of May, 2014.

/s/ Paul Papak
Honorable Paul Papak
United States Magistrate Judge

Page 6 - FINDINGS AND RECOMMENDATION