IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**TYRONE ADAM WILLIAMSON**,

        Plaintiff,

   v.

**STATE OF OREGON and MULTNOMAH COUNTY SHERIFFS OFFICE**,

        Defendants.

No. 3:14-cv-00591-PK

OPINION & ORDER

**MOSMAN, J.,**

    Plaintiff Tyrone Adam Williamson instituted this action *pro se* on April 9, 2014.  He filed a Motion for Temporary Restraining Order [12] on May 21, 2014, seeking relief from certain alleged improprieties in a criminal prosecution pending against him in Multnomah County.  He argues that a psychological evaluation performed by order of the state court contains "untruths" and "massive lies about [Mr. Williamson's] Oregon state hospital [commitment] in an effort to [f]orce another wrongful [commitment]." (TRO [12] at 1–2.)  He alleges that due to the prosecution he is "being har[ ]assed and threatened with wrongful [i]mprisonment and cruel and

unusual punishment" and asks this Court to "stop their ability to continue this form of assault." *Id.* at 2.

## LEGAL STANDARDS

A party seeking a temporary restraining order must make the fourfold showing necessary for the issuance of a preliminary injunction. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001). He must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of L.A.*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008)).

## DISCUSSION

Mr. Williamson asks this Court to "stop" the "coercion tactics of Multnoma[h] County Court." (TRO [12] at 2.) He cannot show that he is likely to succeed on the merits of his claim such that a temporary restraining order should issue, as the remedy he seeks is that I enjoin the ongoing proceedings taking place in Multnomah County Court. This I cannot do.

Federal courts are not to enjoin ongoing state criminal prosecutions except in rare circumstances not evident here. This principle, explained in *Younger v. Harris*, 401 U.S. 37 (1971), in known as "*Younger* abstention." The *Younger* Court reiterated a "longstanding public policy against federal court interference with state court proceedings." 401 U.S. at 43. Both traditional equitable principles and the structure of our federal system counsel against federal court injunctions barring or interfering with state criminal proceedings. *Id.* at 44; *Green v. City of Tucson*, 255 F.3d 1086, 1094 (9th Cir. 2001). Because this is precisely what Mr. Williamson

asks this Court to do, he is unlikely to succeed on the merits.  Because Mr. Williamson cannot show a likelihood of success on the merits, I DENY the motion for temporary restraining order.

In addition, enjoining the Oregon prosecution would likely be barred by the Anti-Injunction Act.  Title 28, United States Code § 2283 (the "Anti-Injunction Act") provides that a federal court "may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  None of the exceptions to the Anti-Injunction Act apply to the allegations here.[1]  Thus, the Anti-Injunction Act also renders Mr. Williamson's success on the merits unlikely.

## CONCLUSION

For the reasons discussed above, Mr. Williamson's Motion for Temporary Restraining Order [12] is DENIED.

IT IS SO ORDERED.

DATED this   19th   day of June, 2014.


/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge

---

[1] While 42 U.S.C. § 1983 has been recognized as an exception to the Anti-Injunction Act, *see Mitchum v. Foster*, 407 U.S. 225, 242 (1972), Mr. Williamson claims no violation of a federal constitutional right in his request for a temporary restraining order.  Rather, he simply asks this Court to "stop" the state court's "coercion tactics," tactics which seem to be related to "untruths" in a psychological evaluation.